# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

REGINALD S. ROBERSON,       )   CASE NO. 1:17-cv-1626
                                   )
              PETITIONER,   )   JUDGE SARA LIOI
                                   )
vs.                                )
                                   )   **MEMORANDUM OPINION**
CHARMAINE BRACY,      )   **AND ORDER ADOPTING**
                                 )   **REPORT AND RECOMMENDATION**
            RESPONDENT.  )
                                 )

Before the Court is the Report and Recommendation (Doc. No. 12 ["R&R"]) of Magistrate Judge James R. Knepp II, recommending that this Court grant respondent's alternative motion (Doc. No. 7) seeking transfer to the Sixth Circuit Court of Appeals of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner Reginald S. Roberson ("Roberson") filed objections and, without leave, also filed amended objections. (Doc. Nos. 14, 15.) Respondent filed neither her own objections nor any response to petitioner's objections, as amended.

As pointed out in the R&R, Roberson filed a federal habeas petition on October 19, 2012 (Case No. 1:12-CV-2623), raising three grounds for relief. The petition was dismissed on April 29, 2014 and, although a notice of appeal was filed, the appeal was subsequently dismissed on September 12, 2014 due to lack of jurisdiction.[1] A petition for rehearing was denied on October 15, 2014.

The instant petition was filed on August 3, 2017. It raised six grounds for relief. The R&R aptly concludes:

---

[1] The Court of Appeals ruled that the notice of appeal was filed late and was not signed, and that Roberson had failed to respond to the court's earlier order to show cause why the appeal should not be dismissed.

Here, the grounds Petitioner attempts to raise challenge his underlying 2009 conviction, as he did in his prior petition. Petitioner's first three grounds[3] mirror, to a large degree, the grounds raise in his prior petition. *Compare* Ex. 1, Doc. 1, at 5-9 (raising (1) illegal search and seizure, (2) sufficiency, and (3) ineffective assistance of counsel claims) *with* Doc. 1, at 19, 23, 29, 30, 31, 35 (raising (1) "due process" claim with supporting facts related to search and seizure, (2) sufficiency, and (3) ineffective assistance of counsel claims). Thus, these claims were either raised previously, or, to the extent they differ in any regard, they still challenge errors at trial, and thus, "could have been raised in the first petition but [were] not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d at 704. As such, the Petition is second or successive, and Petitioner must obtain permission from the Sixth Circuit before such a filing. [footnote omitted].

> [3] Petitioner's Fourth, Fifth and Sixth grounds do not sound in habeas. Rather, they appear to be objections to the handling of his prior federal habeas petition. Habeas relief is only available "only on ground [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). These grounds are thus not properly raised in this proceeding.

(R&R at 188,[2] footnote 3 in original; footnote 4 omitted.)

Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections to the R&R. Following this review, the objections, as supplemented, are overruled. The Report and Recommendation is adopted in its entirety as the Order of this Court. Pursuant to 28 U.S.C. §§ 1631 and 2244, this case is transferred to the United States Court of Appeals for the Sixth Circuit for the purpose of seeking permission to proceed with a second or successive petition.

**IT IS SO ORDERED**.

Dated: June 26, 2018

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Page number references are to the page identification number generated by the Court's electronic docketing system.